UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

L'SHAWN PHILLIPS,

      Plaintiff,

v.                                                                            Case No. 1:04-CV-344

SUNNY CHEVROLET, INC.,                                HON. GORDON J. QUIST
a Michigan corporation d/b/a
WAYLAND CHEVROLET,

      Defendant.
_____/

## OPINION

Plaintiff, L'Shawn Phillips ("Phillips"), alleges that Defendant, Sunny Chevrolet, Inc., d/b/a

Wayland Chevrolet ("Wayland"), discriminated and retaliated against him on the basis of his race

in violation of 42 U.S.C. § 1981 and the Michigan Elliott-Larsen Civil Rights Act (the "ELCRA"),

M.C.L. §§ 37.2101 *et seq.* Phillips alleges that he was forced to work in a hostile environment and

was subsequently terminated because of his race. Now before the Court is Wayland's motion for

summary judgment. Phillips has failed to respond to Wayland's motion within the time prescribed

by W.D. Mich. LCivR 7.2(c). The Sixth Circuit has held that in a case where the non-movant of a

summary judgment motion has failed to answer the motion within the prescribed time,

> a district court cannot grant summary judgment in favor of a movant simply because
> the adverse party has not responded. The court is required, at a minimum, to
> examine the movant's motion for summary judgment to ensure that he has discharged
> that burden.

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). *See also Guarino v. Brookfield Township Trs.*,

980 F.2d 399, 404 (6th Cir. 1992) (noting that where the nonmoving party has not responded, a

court's reliance on facts advanced by the movant is proper and sufficient). In addition, the Sixth

Circuit has held that in a case such as this, ordinary civil litigants acting pro se are not entitled to special treatment, including assistance in regards to responding to summary judgment motion. *See Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). For the reasons set forth below, the Court will grant Wayland's motion and dismiss Phillips' claims with prejudice.

## I. Facts

Wayland is a new and used car dealership in Wayland, Michigan. Phillips is an African American. He was employed as a car sales representative by Wayland in December 2001 and was terminated in September 2002. Wayland contends that Phillips was terminated for failure to follow management's instructions, inability to get along with co-workers, and failure to meet the sales target required of all sales representatives.

During Phillips' employment, Wayland gave Phillips warnings regarding his work performance. On March 7, 2002, Wayland gave Phillips a warning for insubordination and sent Phillips home. On March 12, 2002, Wayland received a customer complaint alleging that Phillips misrepresented to the customer that a stock cruise control unit would be installed in a sold vehicle and it was not. Wayland promptly investigated the complaint and confirmed that Phillips did make misrepresentations to the customer.

On May 21, 2002, Phillips wrote a letter to Wayland in response to a co-worker's complaint that Phillips had "stolen his customer." Phillips alleged that the co-worker retaliated against him based on his race. Wayland promptly investigated the dispute and requested Phillips to provide a complete list identifying the incidents of racial harassment and discrimination that he experienced. Phillips provided his final list to Wayland on June 5, 2002. Wayland, through its president, Michael Kelly, and JD Tower, general sales manager, promptly conducted an investigation and interviewed all of the then current employees that were mentioned on Phillips' list. With the assistance of its

outside counsel, Wayland prepared a detailed report addressing each incident on Phillips' list. Wayland concluded that most of the incidents were not race-based, but co-worker disputes involving "stealing" of customers and splitting of commissions. Wayland determined that many of the incidents were stale because some of the employees involved were no longer employed, or Wayland had remedied the issues at the time of the incident.

Subsequent to the investigation, in August 2002, Phillips alleged that a co-worked flipped him off and another co-worker misrepresented to someone that Phillips' car had been repossessed. Wayland promptly investigated the incidents. Both co-workers involved denied the allegations.

## II. Discussion

Phillips alleges three claims, discrimination, harassment, and retaliation. In his complaint, Phillips combines the discrimination claim and the retaliation claim. He alleges that Wayland violated 42 U.S.C. § 1981 and the ELCRA by intentionally discriminating against him based on his race and forcing him to work in a hostile environment. Phillips' retaliation claim is that Wayland terminated him in retaliation after he complained to Wayland about discrimination and harassment.

### A.     The Discrimination Claim

A plaintiff may establish a prima facie case of discrimination by introducing either credible, direct evidence of discriminatory intent or by circumstantial evidence through the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *See Greenslade v. Chicago Sun-Times, Inc.*, 112 F.3d 853, 862-63 (7th Cir. 1997); *Huguley v. Gen. Motors Corp.*, 52 F.3d 1364, 1371 (6th Cir. 1995). In this case, Phillips has not offered any direct evidence, so he must prove his claims through circumstantial proof of discrimination.

The analysis of 42 U.S.C. § 1981 claims and ELCRA claims is similar to that of Title VII claims. Both types of claims are analyzed under the *McDonnell Douglas* framework. *See Newman*

*v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001); *Barrett v. Kirtland Cmty. Coll.*, 245 Mich.

App. 306, 314, 628 N.W.2d 63, 69 (2001) (internal citation omitted) ("In interpreting provisions of

the CRA, we are guided by federal court interpretations of the counterpart federal statute; see title

VII of the federal Civil Rights Act of 1964, 42 USC 2000e *et seq.*")

Under the *McDonnell Douglas* framework, a plaintiff has the burden of proving a prima facie

case by a preponderance of evidence. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824.

> To establish a *prima facie* case of discrimination under Title VII, Plaintiff must show
> that 1) she is a member of a protected class; 2) she was qualified for the job and
> performed it satisfactorily; 3) despite her qualifications and performance, she
> suffered an adverse employment action; and 4) she was replaced by a person outside
> the protected class or was treated less favorably than a similarly situated individual
> outside her protected class.

*Logan v. Denny's, Inc.*, 259 F.3d 558, 567 (6th Cir. 2001).

Once the plaintiff has established a prima facie case, the burden then shifts to the employer

"to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell*

*Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824. To successfully rebut the plaintiff's prima facie case,

the employer must articulate clear and specific reasons for the rejection. *Texas Dep't of Cmty.*

*Affairs v. Burdine*, 450 U.S. 248, 255, 101 S. Ct. 1089, 1094-1095 (1981).

If the employer successfully rebuts the prima facie case, the plaintiff must prove by a

preponderance of evidence that the employer's stated reason for the rejection was in fact a pretext.

*McDonnell Douglas*, 411 U.S. at 804, 93 S. Ct. at 1825. Although the intermediate evidentiary

burden shifts back and forth under the *McDonnell Douglas* framework, the ultimate burden of

persuasion remains at all times with the plaintiff. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530

U.S. 133, 143, 120 S. Ct. 2097, 2106 (2000).

In the instant case, Phillips has failed to establish a prima facie case of racial discrimination

because he cannot demonstrate the fourth element of a prima facie case. As noted above, a plaintiff

who seeks to rely on the *McDonnell Douglas* burden-shifting framework must present evidence showing that he was treated less favorably than a similarly qualified individual outside the protected class.  Wayland contends that Phillips was terminated because he refused to follow management's instructions, was unable to get along with co-workers, and, most importantly, failed to meet the sales target required of all salespersons.  Because Phillips has not responded to the motion, Phillips has failed to provide evidence to prove that other white salespersons did not get terminated even though they failed to meet the sales target.  Furthermore, Wayland has provided evidence that several white sales representatives were also terminated due to lack of production.  In fact, Robert Mulvey, a white sales representative, was terminated along with Phillips for failure to meet the sales target.  Therefore, Wayland's treatment of Phillips was consistent with its treatment of other white employees.

Moreover, Wayland has shown a legitimate, nondiscriminatory reason for its decision to discharge Phillips (i.e. failure to follow management's instructions, inability to get along with co-workers, and failure to meet the sales target requirements).  Because Phillips has not responded to Wayland's motion with any admissible evidence, Phillips has failed to show that Wayland's stated reason is pretext.

**B.    The Harassment Claim**

> In order to establish a claim for unlawful harassment, a plaintiff must show that:
> 1. He was a member of a protected class;
> 2. He was subjected to unwelcomed racial and/or religious harassment;
> 3. The harassment was based on race or religion;
> 4. The harassment had the effect of unreasonably interfering with [the plaintiff's] work performance by creating an intimidating, hostile, or offensive work environment; and
> 5. The existence of employer liability.

*Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999).

In determining whether a work environment is one that a reasonable person would find hostile, the court looks at all the circumstances. "These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367, 371 (1993). The court should carefully distinguish between lawful conduct, even if insensitive, and discriminatory harassment. *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 464 (6th Cir. 2000). "'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 2283 (1998) (internal citation omitted).

In the instant case, Phillips has failed to establish a prima facie case of hostile work environment because he cannot demonstrate the third and fifth elements of a prima facie case. Most of the incidents that Phillips identified on his list do not constitute racial harassment, rather, they are co-worker disputes regarding "stealing" of customers and splitting of commissions. Even if some comments referred to race, they were infrequent and isolated. There is no evidence that Phillips was physically threatened or humiliated, nor is there any evidence that Phillips could not perform his job. Moreover, *arguendo*, even if the conduct of Phillips' co-workers rose to the level of racial harassment, Wayland promptly investigated the incidents and took proper disciplinary action to remedy the situation. Therefore, Wayland cannot be held liable.

## C.    The Retaliation Claim

To establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in a protected activity; (2) the employer was aware of the plaintiff's protected activity; (3) he suffered an adverse employment action; and (4) there is a causal connection between the protected activity

and the adverse employment action. *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 563 (6th Cir. 2004). The *McDonnell Douglas* burden-shifting approach is applied in evaluating retaliation claims. *See Abbott v. Crown Motor Co. Inc.*, 348 F.3d 537, 542 (6th Cir. 2003). Thus, if the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *Id.* (citing *Nguyen v. City of Cleveland*, 229 F.3d 559, 562 (6th Cir. 2000)). If the defendant meets its burden, the plaintiff must then demonstrate by a preponderance of the evidence that the proffered reason was mere pretext by showing that the proffered reason: (1) has no basis in fact; (2) did not actually motivate the adverse action; or (3) was insufficient to motivate the adverse action. *Id.* (citing *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)).

Phillips' retaliation claim is that Wayland terminated him in retaliation for complaining about harassment and discrimination. Wayland contends that Phillips cannot establish a prima facie case of retaliation because he failed to show that the termination of employment was causally related to his complaint. In addition, Wayland argues that it has articulated a legitimate, nondiscriminatory reason for the discharge. The court agrees.

In order to meet the causal connection requirement of the prima facie case, a plaintiff must produce sufficient evidence from which an inference can be reasonably drawn that the employer only took the adverse action because the plaintiff engaged in a protected activity. *See Allen v. Mich. Dep't of Corr.*, 165 F.3d 405, 413 (6th Cir. 1999). Because Phillips has failed to respond to the motion, Phillips has failed to provide any evidence to support an inference that Wayland discharged him because of his complaint. In addition, as discussed above, Wayland has articulated a legitimate reason to terminate Phillips and Phillips has failed to show that the stated reason is pretext. Therefore, Phillips' retaliation claim must fail.

## III.  <u>Conclusion</u>

For the foregoing reasons, the Court will grant Wayland's motion for summary judgment and

dismiss Phillips' claims with prejudice.

An Order consistent with this Opinion will be entered.


Dated:  August 30, 2005                                         /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE

8